## Lee v. Read Lumber Co.

(Decided June 4, 1912.)

Appeal From Allen Circuit Court.

Timber—Action on Contract for Sale of Timber—Mistake in Counting Trees—Evidence.—In an action on a contract for the sale of standing timber, evidence examined and held that appellant made a mistake in counting the trees, appellee was deceived by his representations, and as he had already paid appellant a sufficient sum on the contract, he should not be required to pay more. Appellant's representations induced the trade, and even if he did not intend to perpetrate a fraud, his conduct in law amounted to a fraud.

GOAD & OLIVER for appellant.

GILLIAM & GILLIAM, T. B. DIXON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The parties to this action entered into the following contract:

"May 20, 1911.

"This contract made and entered into this day by and between General Lee of the first part and J. D. Read Lumber Co., of the second part.

"Witnesseth, that party of the first part, have this day bargained and sold to 'the party of the second part, one lot of timber described and located as follows. (Here follows description of timber sold.) The above lot of timber is for and in consideration of $800, one hundred dollars to be paid when commence cutting timber, the remainder to be paid one-third when one-third of all the timber is cut. When one-half of the timber is cut, are to pay one-half of full amount and when three-fourths is cut are to pay the balance of the whole amount," &c.

"Appellee paid $500 on the contract and was sued by Lee for the balance, $300.00. The substance of appellee's pleadings was that the contract was obtained by fraud of appellant; that appellant represented that there were 250 or more trees on the land which would make on an average of two logs to the tree, and each log would make an average of about 200 feet of lumber which would, according to Scribner's rule of measurement, make the whole amount to about 100,000 feet of lumber; that appellant asked $1.00 per hundred feet for the tim-

ber; that appellee refused to pay that much but offered 80c per hundred feet, which was the price agreed upon and named in the contract, that is, appellant alleged there was to be 100,000 feet of lumber at 80c per hundred which would amount to $800.00, the price stipulated in the contract. Appellee further alleged that it was induced to enter in the contract upon the belief of the truth of these representations by appellant; that its agent, Read, and another timber man visited the home of appellant where the timber was situated with the intention to and did visit other timbered lands in that vicinity to see whether enough timber could be procured to justify the setting of a sawmill in that neighborhood; that they, Read and the timber man, went with appellant across a part of appellant's land and examined the timber trees; that appellant represented that the timber on the other portions of his survey was equally as good as that examined.

The testimony shows that the agent of appellee had confidence in the intergrity of appellant; that he relied upon the representation of appellant that he had counted the trees two or three times and that there were 250 of them; that they would make, according to his calculation, 100,000 feet or more of lumber; that it was on account of these representations that he entered into the contract and located a mill in that vicinity, cut the trees on appellant's land and hauled them to the mill. The evidence further shows that there were only 163 trees on appellant's land and that they made only about 43,000 feet of lumber. There is some contention about a few trees which appellee says appellant prohibited it from cutting which contention appellant denies. This is an immaterial matter, however, as it would make no substantial difference in the case. There is no conflict in the testimony as to the number of trees received by appellee under the contract nor as to the number of feet of lumber they made. Appellant admitted that he represented there were 250 or more trees and that, according to his calculation, they would make something over 100,-000 feet of lumber. He claims, however, that at the time he told appellee's agent that he was an inexperienced timber man; that he might have made a mistake in his calculation according to the rules referred to. He knew that appellee's agent did not investigate the timber any further upon that occasion. Appellee's agent testified that by reason of the representations of appel-

lant he did not make any further examination, as he was in a hurry to pass to other surveys and examine them and return to his home that day.

We are of the opinion from the record that appellant did not intend any deception; that he did not mean to defraud appellee. He must have made a mistake in counting the trees or in remembering the number counted or in making his calculation, but, under the evidence, it is certain that appellee was deceived by the representations of appellant, that they induced the trade, and in law, amounted to fraud. This is too well established to need citation of authority.

As appellee has already paid more than the value of the timber, at the price agreed upon, it should not be required to pay anything more on the contract.

For these reasons, the judgment of the lower court is affirmed.